876 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph S. KAELIN, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 88-6045.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1989.
 
 Before KENNEDY, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner Joseph S. Kaelin appeals from the Secretary's denial of his claim for Supplemental Security Income (SSI). Kaelin contends that he is totally disabled by pain. The Administrative Law Judge concluded that, although petitioner does suffer from degenerative arthritis, he is not disabled from resuming his prior work as a security guard. The Appeals Council denied review, and the District Court upheld the Secretary's denial of benefits. Because we conclude that substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 Petitioner was fifty years old at the time of his hearing in this matter. He has worked at a variety of jobs, including, most recently, as a security guard in "1980 or 1982." Petitioner testified that he spends most of his time sitting. He can walk five or six blocks at a stretch, and sometimes does his own grocery shopping. He feels able to lift five or six pounds at a time. Although petitioner testified that he suffers from pain throughout his entire body, he did not report taking any strong pain medications. He takes aspirin for pain and has been prescribed Motrin.
 
 
 3
 The medical evidence established that petitioner suffers from degenerative arthritis and hypertension. Dr. K. Armand Fischer, who examined petitioner in 1982, concluded that petitioner's physical condition disabled him from "heavy lifting, stooping and bending," or carrying over "ten to fifteen pounds." Tr. at 155. However, Dr. Fischer found that "he could do ... some light work." Id. Dr. Fischer's final diagnosis was arthritis. In 1985, Dr. David Griffin examined petitioner and reached essentially the same diagnosis. Dr. Griffin concluded that petitioner suffers from degenerative arthritis of the cervical spine, right shoulder, and left elbow. Tr. at 297. Petitioner was "unable to completely extend the [left] elbow." However, he retained "the full range of motion" in his cervical spine and right shoulder. Id. Dr. Griffin noted petitioner's complaints of pain at the extremes of the ranges of motion in both the back and shoulder, but he did not prescribe any strong painkillers.
 
 
 4
 In addition to his physical ailments, petitioner has a history of treatment for tension and anxiety. In 1987, Dr. Deborah Blair conducted a consultative psychological exam. She observed "subclinical levels of depression" and a tendency to "invest[ ] a great deal of energy in his somatic complaints." Tr. at 319. Dr. Blair also noted that petitioner "has difficulty in interpersonal relationships." Id. In summary, she concluded that while petitioner suffers from an affective disorder, it "does not appear to be incapacitating." Id. Dr. Larry Raskin, who also saw petitioner in 1987, found that petitioner was trapped in a "vicious circle": his physical pain exacerbated his depression, and his depression diminished his ability to cope with his physical pain. Tr. 15.
 
 
 5
 Petitioner does not argue that his physical condition alone disabled him from his past work as a security guard. Rather, he contends that the "inextricably" intertwined effects of his physical and psychological problems result in disabling pain. This Court has enunciated a two-pronged test for evaluating complaints of disabling pain:
 
 
 6
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 7
 Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986).[1] The ALJ found that petitioner does suffer from an "underlying medical condition"--arthritis. The issue, then, is whether the objective medical evidence confirms the severity of petitioner's alleged pain or whether his condition is so severe "that it can reasonably be expected to produce the alleged disabling pain." 801 F.2d at 853.
 
 
 8
 Comparing the facts in the present case with Duncan, we conclude that substantial evidence supports the ALJ's determination that petitioner does not suffer from disabling pain. As in Duncan, the treating physicians noted petitioner's complaints of pain but did not diagnose the pain as severe or disabling. Further, also as in Duncan, one of petitioner's physicians concluded that he could perform light work--a finding which indicates that the physician did not believe petitioner's condition was causing disabling pain. Duncan, 801 F.2d at 853-54. Finally, as the ALJ observed, none of petitioner's treating physicians have deemed it necessary to prescribe "significantly strong pain medication." Tr. at 27. In light of all these factors, we conclude that the ALJ's determination that petitioner does not suffer disabling pain is supported by substantial evidence.
 
 
 9
 Accordingly, the judgment of the district court affirming the Secretary's denial of SSI benefits is AFFIRMED.
 
 
 
 [1]
 Petitioner's contention that Duncan does not apply to cases heard after the "sunset" date of the Social Security Disability Benefits Reform Act of 1984 is without merit. This Court has squarely held that the Duncan test "continue[s] to apply to cases decided after the sunset of the Reform Act." McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1003 (6th Cir.1988)